J-S16029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREEM GLASS | : | |
| | : | |
| Appellant | : | No. 2618 EDA 2023 |

Appeal from the PCRA Order Entered September 5, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0502891-2005

BEFORE: STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:                              **FILED JULY 29, 2024**

Kareem Glass ("Glass")[1] appeals *pro se* from the order dismissing his fourth petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[2] We affirm.

In 2004, Glass shot Tyreke Gayman and Tyreese Allen, killing Gayman and wounding Allen. The matter proceeded to a jury trial at which Jack McMahon, Esquire ("Attorney McMahon") represented Glass. At the conclusion of trial, the jury convicted Glass of first-degree murder and related offenses. The Commonwealth offered to forego seeking the death penalty in exchange for Glass' agreement to accept a mandatory sentence of

---

[*] Former Justice specially assigned to the Superior Court.

[1] Glass' first name, Kareem, is incorrectly spelled in the court record as "Kareen." We have corrected the caption accordingly.

[2] **See** 42 Pa.C.S.A. §§ 9541-9546.

life imprisonment without the possibility of parole and to waive his direct appeal, PCRA, and federal *habeas corpus* rights. While considering the Commonwealth's offer, Glass had conversations with family and friends, including three members of the Jokelson family: David Jokelson, Esquire; Derek Jokelson, Esquire; and Neil Jokelson, Esquire.[3] Although attorneys, the Jokelsons were not certified to defend individuals against capital murder charges, declined to represent Glass in the instant capital murder criminal proceedings, referred Glass to Attorney McMahon for such representation, and did not attend the trial. Following the trial, Attorney McMahon informed the Jokelsons that, in his opinion, there were no grounds for an appeal of the convictions. Based on Attorney McMahon's opinion, as well as their concern for Glass, the Jokelsons urged Glass to accept the agreement offered by the Commonwealth.

At the sentencing hearing conducted on October 22, 2008, Glass elected to accept the Commonwealth's offer and waive his appellate, PCRA, and federal *habeas corpus* rights. The trial court conducted an extensive oral colloquy, during which Glass confirmed on the record that he had not been pressured or threatened in any manner to waive his rights. The trial court then sentenced Glass to life imprisonment without the possibility of

_____

[3] The Jokelsons previously represented Glass in his federal civil lawsuit against the City of Philadelphia for a beating by police which left Glass with brain injuries that caused significant cognitive damage.

parole followed by twenty to forty years in prison. Glass did not file either a post-sentence motion or a direct appeal.

In July 2009, Glass filed a timely *pro se* PCRA petition, his first. The PCRA court appointed counsel who failed to zealously represent Glass. The PCRA court ultimately appointed replacement counsel who filed a second amended petition claiming that Attorney McMahon provided ineffective assistance through his lack of preparation for the sentencing hearing, thereby causing Glass to waive his appellate rights. In addition, Glass argued that he had been unduly pressured, coerced, and cajoled by Attorney McMahon and the Jokelsons to waive his rights.

The PCRA court conducted an evidentiary hearing at which Attorney McMahon, Neil Jokelson, Derek Jokelson, and David Jokelson testified. In particular, Neil Jokelson, the father of Derek and David, testified that the trio declined Glass' request to represent him in his murder trial on the basis that none of them were qualified to handle capital cases under Pa.R.Crim.P. 801, and that, instead, he recommended other attorneys who were qualified to handle such cases, including Attorney McMahon. *See* N.T., 4/26/13, at 173. Additionally, each of the Jokelsons testified that, during their pre-sentencing discussions with Glass, they based their advice primarily on Attorney McMahon's assessment that there were no potential appellate issues. *See id*. at 206, 230-31, 233, 271, 276. Accordingly, Neil Jokelson testified that he informed Glass of this fact, and that ultimately, he instructed Glass to

rely on the judgment of Attorney McMahon in deciding whether to waive his appellate rights. *See id*. at 206.

Based on the evidence and testimony presented, the PCRA court determined that Attorney McMahon was unprepared to represent Glass at the sentencing hearing, and he failed to take steps to present mitigation testimony regarding the cognitive damage Glass suffered as a result of his brain injuries from the police beating. Nonetheless, the PCRA court determined that Glass' waiver was knowing, intelligent, and voluntary, and that neither his pre-sentencing discussions with Attorney McMahon and the Jokelsons nor Attorney McMahon's deficient preparation adversely impacted or vitiated Glass' understanding of the nature and consequences of his waiver. The PCRA court thereafter dismissed the petition. This Court affirmed the dismissal order, and our Supreme Court denied allowance of appeal. *See Commonwealth v. Glass*, 118 A.3d 458 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 125 A.3d 1198 (Pa. 2015).

In 2016, Glass filed a second *pro se* PCRA petition, which the PCRA court subsequently dismissed as untimely. Glass appealed, and this Court dismissed the appeal for the failure to file a brief. In 2018, Glass filed a third *pro se* PCRA petition, which the PCRA court dismissed as untimely.

Glass appealed and, once more, this Court dismissed the appeal for the failure to file a brief.[4]

On January 3, 2020, Glass filed the instant *pro se* petition, his fourth. Therein, Glass conceded that his petition was untimely, but claimed that a January 2019 letter from Derek Jokelson provided a newly-discovered fact; namely, that Derek Jokelson could not remember if he told Glass that he was not providing professional advice when he urged Glass to accept the Commonwealth's offer and waive his rights. **See** *Pro Se* PCRA Petition, 1/3/20, at 3. Glass averred that the Jokelsons "entered their appearance at my penalty phase" and in their "capacity as criminal professional attorneys" advised him to waive his rights. **Id**. at 4. Although Glass sought leave from the PCRA court to amend his petition, the PCRA court did not grant him leave to do so. Nonetheless, Glass filed several amended petitions. On August 15, 2023, the PCRA court issued notice of its intent to dismiss the petition without a hearing in twenty days pursuant to Pa.R.Crim.P. 907. On September 5, 2023, the PCRA court entered an order dismissing the petition, and a memorandum opinion providing the basis for its ruling. On that same

_____

[4] In 2016, Glass filed a *pro se* writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania, which the district court dismissed. **See Glass v. Lane**, 2017 WL 4179734, (E.D. Pa. 2017). The Third Circuit Court of Appeals affirmed the district court's decision. **See Glass v. Superintendent Somerset SCI**, 2018 WL 1968081 (3rd Cir. 2018). Glass then sought review in the United States Supreme Court, which denied *certiorari*. **See Glass v. Hainsworth**, 139 S. Ct. 651 (2018).

date, Glass filed a response to the Rule 907 notice. Glass thereafter filed a timely notice of appeal. The PCRA court did not order Glass to file a concise statement pursuant to Pa.R.A.P. 1925(b), but he did so regardless. In lieu of authoring a Rule 1925(a) opinion, the PCRA court directed this Court to its opinion entered on September 5, 2023.

Glass raises the following issues for our review:

1. . . . [D]id the PCRA court err when it ruled that [Glass'] PCRA [petition] is dismissed for numerous reasons, but failed to consider the contradicting fact that non[-]criminal attorney's [*sic*] that represented [Glass] in a capital case, failed to apprise [him] of their non legal services, [and that they] stated in the past that they did apprise [Glass], but now in a letter mailed to [Glass] [they state] it is only a "belief" that they apprised [him], where [Glass] has made every attempt to ascertain this admission, making this a new fact pursuant to 42 Pa.C.S.A. § 9545(b)(1)([ii]).

2. . . . [W]hether the PCRA court erred when it denied [Glass'] PCRA without considering [his] timely filed [Rule] 907 response.

3. . . . [Glass] wishes to amend a new issue that is a new fact, and that he recently discovered about August of 2023, where the trial court failed to apprise [Glass] of his right to file post-sentence motions, to have appointed assistance of counsel on appeal, and where although [Glass] entered a tainted waiver of appeal rights, he did not waive post-sentence motions, and this error voids any waiver by law.

Glass' Brief at unnumbered 1 (issues re-ordered for ease of disposition, unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA

level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, the expiration of time for seeking such review, or upon the waiver of a defendant's appellate rights. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also Commonwealth v. Anderson*, 450 A.2d 1011, 1014 (Pa. Super. 1982) (holding that a sentence becomes final when a defendant waives his right to appellate review). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

On October 22, 2008, following Glass' agreement to waive his appellate rights at sentencing in exchange for the Commonwealth's withdrawal of the death penalty, his judgment of sentence became final.

*See Anderson*, 450 A.2d at 1014. Thus, Glass had until October 22, 2009, to file a timely PCRA petition. As the instant fourth petition was not filed until January 3, 2020, it is facially untimely.

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1). Any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). One of those statutory exceptions, the newly-discovered fact exception, excuses the untimeliness of a petition where the petition alleges, and the petitioner proves, that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). The due diligence inquiry required by section 9545(b)(1)(ii) is fact-sensitive and dependent upon the circumstances presented. *See Commonwealth v. Burton*, 121 A.3d 1063, 1070 (Pa. Super. 2015) (*en banc*). Our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

Additionally, to be eligible for relief under the PCRA, a petitioner must establish that his allegations have not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An issue is deemed previously litigated for

purposes of the PCRA if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. § 9544(a)(2).

In his first issue, Glass claims that he recently discovered in a January 2019 letter from Derek Jokelson that Derek merely believes that the Jokelsons informed Glass during their pre-sentencing discussions that the Jokelsons did not regularly practice criminal law. Glass asserts that, "[a]t [his] sentencing proceedings, Derek, Neil[,] and David Jokelson hijacked representation of [Glass] and facilitated waiver of [his] appeal rights, but did not practice law criminal unbeknownst to [Glass]." Glass' Supplemental Brief at 2. As a result, Glass argues that because he was previously unaware that the Jokelsons did not practice criminal law, the letter constituted a newly-discovered fact under the PCRA's timeliness exception at section 9545(b)(1)(ii).

The PCRA court considered Glass' first issue and determined that he "was trying to litigate a previously [litigated] claim, in an attempt to circumvent the PCRA statutory time bar, by arguing his waiver of appellate and collateral rights was not knowing, voluntary[,] and intelligent and that his attorneys coerced him to agree to the waiver." PCRA Court Opinion, 9/5/23, at 1-2.

After review, we conclude that the PCRA court's determination is supported by the record and free from legal error. As explained above, for

purposes of the PCRA, an issue is deemed previously litigated if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue. **See** 42 Pa.C.S.A. § 9544(a)(2). The record is clear that Glass challenged the validity of the waiver of his appellate, PCRA, and federal *habeas corpus* rights in his first PCRA petition. In ruling on that first petition, the PCRA court determined that Glass' waiver was knowing, intelligent, and voluntary, and that his pre-sentencing discussions with the Jokelsons did not adversely impact or vitiate Glass' independent understanding of the nature and consequences of his waiver. **See** PCRA Court Opinion, 2/6/14, at 12-16. This Court affirmed the PCRA court's ruling on the merits of that issue, and our Supreme Court denied allowance of appeal. **See Commonwealth v. Glass**, 118 A.3d 458 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 125 A.3d 1198 (Pa. 2015). Thus, as the effect of Glass' pre-sentencing discussions with the Jokelsons was previously litigated for purposes of the PCRA, Glass is not entitled to PCRA relief on this issue. **See** 42 Pa.C.S.A. § 9544(a)(2); **see also id**. § 9543(a)(3).[5]

_____

[5] In arriving at its determination, the PCRA court noted that, in the January 2019 letter, Derek Jokelson indicated that he told Glass prior to and during the trial that he was not a regular practitioner of criminal law." PCRA Court Opinion, 9/5/23, at 2 n.8. Moreover, the record demonstrates that Glass knew of this information during his trial in 2008. In an evidentiary hearing in 2010, Glass conceded that "Neil Jokelson was never a mitigating attorney in the case . . . In fact, he is not even certified . . . to be representing
*(Footnote Continued Next Page)*

- 10 -

In his second issue, Glass maintains that the PCRA court improperly dismissed his petition without first considering his Rule 907 response. Under Rule 907, a judge shall give notice to a petitioner of his intention to dismiss a petition after finding that there are no genuine issues of material fact, and that the petitioner is not entitled to PCRA relief. *See* Pa.R.Crim.P. 907(1). After this notice is given, a petitioner may respond within twenty days of the date of this notice. *See id*. At the end of this twenty-day period, the judge shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue. *See id*.

Here, the PCRA court issued its Rule 907 notice to dismiss on August 15, 2023, after finding that Glass' petition did not present any genuine issue of material fact and that Glass was not entitled to PCRA relief. The Rule 907 notice informed Glass that he had twenty days in which to respond to the notice, or until September 4, 2023. Having received no response to the

*(Footnote Continued)* ————————————

anyone in a capital murder case." N.T, 11/16/10, at 12. During this same hearing, PCRA counsel fortified this sentiment, emphasizing that "[w]hile it's clear that the Jokelsons were not [Glass'] counsel, they were people of interest who had an interest in the outcome of his life, his case, and were advising him, maybe not so much in the capacity as attorneys, but as people who cared about the outcome." *Id*. at 17. As such, Glass knew the Jokelsons did not represent him during his criminal trial, and that that they were not qualified to do so. Thus, even if Glass' first issue had not been previously litigated, he would be unable to meet the requirements of the newly-discovered fact exception because he knew of these facts in 2008. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii); *see also* § 9545(b)(2).

- 11 -

notice by that date,[6] the PCRA court entered its dismissal order the following day, on September 5, 2023. Thus, the PCRA court provided Glass with the statutorily required twenty-day period to respond to the dismissal notice before it dismissed the petition in compliance with Rule 907. Accordingly, Glass' second issue merits no relief.

In his final issue, Glass claims that he recently reviewed a legal news article concerning challenges to the validity of a plea agreement in a post-sentence motion or on appeal, and argues that his review of this article constituted a newly-discovered fact under the PCRA. Preliminarily, we note that Glass did not include this issue in his initial petition and instead first included it in his untimely response to the PCRA court's Rule 907 notice to dismiss. Because Glass initially raised this issue in his untimely response to

---

[6] Glass maintains that his response was timely filed pursuant to the prisoner mailbox rule. *See Commonwealth v. Little*, 716 A.2d 1287, 1289 (Pa. Super. 1998) (holding that the prisoner mailbox rule is applicable to petitions filed pursuant to the PCRA). According to Glass, he filed his response to the Rule 907 notice on September 3, 2023, and he claims that it should have been deemed as timely filed on that date. Our review of the record does not support Glass' contention. Instead, the certified record discloses that Glass filled out a cash slip on September 3, 2023, but did not give it to prison authorities until September 5, 2023, when it was date-stamped as received by the prison mailroom. The record further discloses that Glass' response to the Rule 907 notice was mailed later that same day, on September 5, 2023, and received by the PCRA court by date stamp on September 8, 2023. Thus, it appears that the PCRA court docket, which indicated receipt of the response on September 5, 2023, applied the prisoner mailbox rule when entering the filing date of the response on the docket. Nonetheless, even applying the prisoner mailbox rule, Glass' response to the Rule 907 notice was filed one day after the twenty-day deadline, and the PCRA court was not required to consider it.

the Rule 907 notice, rather than in his petition or in an authorized amended petition, he failed to preserve it for our review. *See Commonwealth v. Lauro*, 819 A.2d 100, 103 (Pa. Super. 2003) (stating that issues not raised in either a PCRA petition or in an authorized amended petition are waived on appeal).

As we have determined that none of Glass' issues merit relief, we affirm the PCRA court's order dismissing his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/29/2024